UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEIGE LEIFER, et al.,

*Plaintiffs*,

v.

GOOD SAMARITAN HOSPITAL, et al.

*Defendants*.[1]

No. 24-CV-7672 (KMK)

ORDER & OPINION

Appearances:

Elizabeth Montesano, Esq.
Sullivan Papain Block McGrath & Cannavo
Garden City, NY
*Counsel for Plaintiffs*

Michael Charles Zwal, Esq.
Bamundo, Zwal & Schermerhorn
New York, NY
*Counsel for Plaintiffs*

Brett Kanter, Esq.
Christiana Ann Campanella, Esq.
Robert Lev Isabella, Esq.
Aaronson Rappaport Feinstein & Deutsch, LLP
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

Feige Leifer, individually and as Parent and Natural Guardian of M.S., and Avigder Samet ("Plaintiffs") brought this Action in the Supreme Court of the State of New York, County of Rockland, against Elizabeth Lorde-Rollins, M.D. ("Lorde-Rollins"), a doctor licensed to

[1] The Clerk of Court is respectfully directed to amend the caption to conform to the above.

practice medicine in the State of New York, and non-for-profit corporations Good Samaritan Hospital of Suffern, N.Y., Bon Secours Charity Health System, Inc., (collectively "the Hospital Defendants" or "Defendants"), and WMC Health Network-Rockland, Inc.,[2] seeking monetary damages. (Compl. ¶¶ 1–5, 27, 32 (Dkt. No. 1-1).) Lorde-Rollins removed this Action from the Supreme Court of the State of New York, County of Rockland, on the basis that she was deemed to be an employee of the United States Public Health Service for purposes of civil actions seeking damages for personal injury resulting from the performance of medical, surgical, dental, or related functions pursuant to the Public Health Service Act. *See* 42 U.S.C. § 233(a), (g)–(h). (*See generally* Not. of Removal (Dkt. No. 1).)

Ultimately, the Parties stipulated to the mutual discontinuance of the claims against Lorde-Rollins without prejudice, and those claims were reasserted against the United States, as the real party in interest, in another proceeding before this Court (the "Parallel Proceeding"). (*See* Stipulation and Order of Dismissal Without Prejudice (Dkt. No. 7); *see also* Dkt. (Dkt. 24-CV-7724).) Now before the Court is a Motion by Plaintiffs to consolidate this Action with the Parallel Proceeding, as well as a request by Defendants to remand this Action to New York Supreme Court. For the reasons explained below, the Court determines that this Action must be remanded to state court.

---

[2] WMC Health Network-Rockland, Inc. was discontinued with prejudice, and is no longer a Defendant in this Action. (*See* Letter from Robert L. Isabella, Esq. and Elizabeth Montesano, Esq. to Court (June 17, 2025) (Dkt. No. 23).)

# I. Background

## A. Factual Background

Plaintiff Feige Leifer is the mother and natural guardian of M.S., an infant plaintiff. (Compl. ¶ 2.)[3] Plaintiff alleges that the Hospital Defendants owned and operated a hospital in Suffern, New York. (*Id.* ¶¶ 9–10.) Doctor Elizabeth Lorde-Rollins was an employee of the Hospital Defendants who worked at the Suffern hospital. (*Id.* ¶¶ 13, 15–17.) On September 26, 2022, while Plaintiff Leifer was pregnant with M.S., she sought medical care at the Suffern hospital on her own and M.S.'s behalf. (*Id.* ¶¶ 9, 21.) Plaintiff claims that, while under the care of Lorde-Rollins and the Hospital Defendants, M.S. experienced "severe and permanent personal injuries and conditions," which were caused by the negligence and/or malpractice of Dr. Lorde-Rollins and the Hospital Defendants. (*Id.* ¶¶ 22–23.) Plaintiffs Leifer and Avigder Samet (M.S.'s other parent), claim that these injuries deprived them of the services, society, and companionship of M.S., and that both Leifer and Samet incurred significant medical expenses in treating M.S.'s conditions. (*Id.* ¶¶ 29–32.)

## B. Procedural Background

On February 14, 2024, Counsel for Plaintiffs filed a complaint (the "Complaint") in the Supreme Court of the State of New York, County of Rockland, seeking a monetary judgment and costs. (*Id.* at 2, 7.)[4] During the period that gave rise to the claims, Lorde-Rollins was deemed to be an employee of the United States Public Health Service for purposes of civil

---

[3] The facts described here are drawn from the Complaint, which the Court accepts as true for the purposes of the motion to remand. *See Empire Comm. Dev. v. Walters*, No. 25-CV-4192, 2026 WL 851356, at *1 (S.D.N.Y. Mar. 27, 2026) (drawing the facts from the complaint on motion to remand).

[4] When citing filings from this Action, the Court refers to page numbers as designated by the Court's Electronic Case Filing System, which appear on the top-right corner of each page.

actions seeking damages for personal injury resulting from the performance of medical, surgical, dental, or related functions. (*See* Not. of Removal, Ex. B (Dkt. No. 1-2).) Under the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. §§ 233(g)–(n), "federally deemed community health centers and their employees are immune from malpractice suits for acts or omissions that occur within the scope of their employment." *Agyin v. Razmzan*, 986 F.3d 168, 171 (2d Cir. 2021). These individuals have the ability to remove cases in state court to federal court, *see* 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2); on October 8, 2024, Lorde-Rollins invoked those statutes to remove the above-captioned action to this Court, (*see* Not. of Removal). At the time of removal, the Court had jurisdiction over this Action because, pursuant to the FSHCAA, the Federal Tort Claims Act provided the exclusive remedy based on the actions of Lorde-Rollins. *See Kelley v. Richford Health Ctr., Inc.*, 115 F.4th 132, 136 (2d Cir. 2024) ("The FSHCAA makes the Federal Tort Claims Act . . . 'the exclusive remedy for specified actions against members of the Public Health Service[.]'" (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 107–08 (2d Cir. 2000))).

On October 11, 2024, Leifer, individually and on behalf of M.S., and Samet commenced another action against the United States of America, which is pending before this Court under case number 24-CV-7724. Just a few days later, on October 18, 2024, in light of the representations made by the Government with regard to Lorde-Rollins, the Parties filed a stipulation and proposed order. (*See* Proposed Stipulation and Order (Dkt. No. 6).) The document provided that the United States would be substituted for Lorde-Rollins, and that the claim would be dismissed without prejudice to refiling. (*See* Stipulation and Order of Dismissal Without Prejudice.) The stipulation *purported* to be made pursuant to Rule 41(a)(2), which permits *a plaintiff* to seek dismissal pursuant to a court order prior to the defendants' answer

being filed. *See* Fed. R. Civ. P. 41(a)(2). However, it was styled as a mutual agreement between Plaintiffs and Defendants, in which case it would (typically) be a dismissal pursuant to Rule 41(a)(1). *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). (*See also* Stipulation and Order of Dismissal Without Prejudice.) In contrast with Rule 41(a)(2) dismissals, Rule 41(a)(1) dismissals are effective immediately, and without the Court's involvement. *See Lalli v. Warner Bros. Discovery*, No. 24-CV-3178, 2025 WL 357774, at *1 (S.D.N.Y. Jan. 31, 2025) ("Rule 41(a)(1)(A) is the only form of dismissal requiring no court action to be effective. Rather, if the requirements of the provision are met, the [p]laintiff has the unfettered right voluntarily and unilaterally to dismiss an action." (citations and quotation marks omitted)). The Court endorsed the proposed Stipulation and Order on October 18, 2024. (*See* Stipulation and Order of Dismissal Without Prejudice.)

Counsel for Plaintiffs represents that, after the claims against Lorde-Rollins were dismissed in this Action, counsel requested that Defendants consent that this Action remain in federal court, and that the claims be consolidated with those against the United States. (Letter from Michael C. Zwal, Esq. to Court (Jan. 30, 2025) 1 (Dkt. No. 10).) Plaintiffs' counsel took the position that the Court should exercise supplemental jurisdiction over the claims against Good Samaritan and related entities pursuant to 28 U.S.C. § 1367, on the basis that the claims were "so related . . . that they form part of the same case or controversy" as the claims based on the actions of Dr. Lorde-Rollins. (*Id.*)

Defendants, in contrast, took the view that the Court should remand this Action to state court due to an asserted lack of subject matter jurisdiction. (*See* Letter from Robert L. Isabella, Esq. to Court (Feb. 6, 2025) 1–3 (Dkt. No. 11).) In essence, Defendants said that when the claim against Dr. Lorde-Rollins was dismissed, only state law claims, brought against entities that lack

any meaningful connection to the federal government, remained in the case. (*Id.*) Accordingly, they argued, there was no basis for this Court to exercise jurisdiction over the Action.

Based on their understanding that the Court lacked subject matter jurisdiction, Defendants requested that the Action be remanded to New York Supreme Court. (*Id.*) Plaintiff, on the other hand, argued that "this [C]ourt should exercise supplemental jurisdiction over the claims against Good Samaritan and related entities under 28 U.S.C. § 1367 and consolidate the case against them with the case against the United States under FRCP Rule 42 since the claims against the hospital are so related to the claims against the United States for the actions of Dr. Lorde-Rollins that they form part of the same case or controversy." (Letter from Michael C. Zwal, Esq. to Court (Jan. 30, 2025) 1.)

Around the same time the jurisdictional dispute between the Parties percolated up to this Court, the Supreme Court issued its decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). That Opinion addressed a similar—but not precisely identical—question to the one presented here: "What happens if, after removal, the plaintiff amends her complaint to delete all the federal-law claims, leaving nothing but state-law claims behind? May the federal court still adjudicate the now purely state-law suit?" *Id.* at 25. The Court "h[e]ld that it may not. When an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims. The case must therefore return to state court." *Id.* at 25–26. Given that this decision bore heavily on the question when and whether a district court could exercise its discretion to "retain jurisdiction once . . . all federal-law claims" fell out of the Action, *id.* at 41, the Court directed the Parties to submit letter briefs as to the effect of the decision on their requests, (*see* Mem. Endorsement (Feb. 19, 2026) (Dkt. No. 32)).

On February 25, 2026, Plaintiffs submitted their letter brief regarding *Royal Canin*. (*See* First Br. Responding to Memo Endorsement ("Pls.' Br.") (Dkt. No. 33).) Plaintiffs argued that *Royal Canin* could be distinguished from this Action, primarily on the basis that the claim that permitted removal remained live, albeit under a different case number and caption. (*Id.* at 2.) On February 26, 2026, the Hospital Defendants submitted their responsive brief. (*See* First Br. re: Memo Endorsement ("Defs.' Br.") (Dkt. No. 34).) In that brief, the Hospital Defendants took the position that "*Royal Canin* requires that this [A]ction be remanded . . . and clarifies that the question of remand . . . is not discretionary." *Id.* at 1.

## II. Discussion

The Parties' positions raise several relatively novel civil procedure questions involving the application of the *Royal Canin* rule. First, is there any meaningful distinction between an order of dismissal of a single claim pursuant to Rule 41(a)—the type of document the Parties filed—and an amendment of the complaint pursuant to Rule 15? Second, if there is such a distinction, does the *Royal Canin* rule apply to the dismissal of a single claim without prejudice pursuant to Rule 41(a), where that claim cannot be reinstated on appeal as part of the same Action? Third, is there anything about the removal in this Action—which was removed under a different statutory provision (either 28 U.S.C. § 1442 or 42 U.S.C. § 233(c)) from the one at issue in *Royal Canin* (28 U.S.C. § 1441)—that meaningfully distinguishes it from *Royal Canin*? And fourth, does the request to consolidate this Action with the Parallel Proceeding change the outcome?

Despite mixed Second Circuit authority on the first question, the Court assumes for the purposes of deciding the Motions that there is a meaningful distinction between Rule 15 amendment and Rule 41(a) voluntary dismissal. However, the Court determines that the *Royal*

*Canin* rule likely applies to a Rule 41(a) dismissal if that dismissal is not capable of being reversed (and the claim reinstated) by a Court of Appeals, as is the case here. Next, the Court concludes that nothing about the removal in this Action meaningfully distinguishes this Action from *Royal Canin*. Further, the Court determines that the soundest practice is to evaluate remand prior to consolidation. Finally, and in the alternative, if supplemental jurisdiction exists, the Court concludes that it nonetheless would be appropriate to remand this Action to state court.

A. The *Royal Canin* Rule

To understand the outcome of the remand request made here, a brief summary of the holding of *Royal Canin* is necessary. In *Royal Canin*, the Supreme Court announced that where a plaintiff formally "amends her complaint to withdraw the federal claims" that conferred the court with jurisdiction over a case or controversy that was removed pursuant to 28 U.S.C. § 1441, the action must be remanded to state court. 604 U.S. at 33. *Royal Canin* draws a distinction, however, between claims "dismissed by the district court, as in § 1367(c)(3)," which "may yet [be] revive[d]" by a court of appeals, and those that cannot be so revived. *Id.* at 33. In an action "where a plaintiff's federal claims have been subject to involuntary dismissal, such as through a motion to dismiss or summary judgment," the Court may retain supplemental jurisdiction over the remaining claims. *Stern v. Gozinsky*, No. 24-CV-6962, 2025 WL 3674288, at *4 n.3 (E.D.N.Y. Dec. 18, 2025) (citing *Allen v. City of New York*, No. 24-2589, 2025 WL 3152723, at *2 (2d Cir. Nov. 12, 2025) (summary order)); *see also Recoop LLC v. Outliers Inc.*, No. 24-CV-1810, 2026 WL 42466, at *1 (S.D.N.Y. Jan. 7, 2026) ("The Court continues to have that jurisdiction because the federal claims were dismissed on the merits and not voluntarily dismissed.").

*Royal Canin* suggests that such discretion is absent, however, when the federal claims are "gone for good" from the action, and may not be rejoined on appeal. 604 U.S. at 33; *see also Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421, 431 (2026) ("[The defendant], however, was not dismissed correctly, and the interlocutory nature of that dismissal meant that it was reversible on appeal from the final judgment in [the plaintiff's] favor. [The defendant] thus was only temporarily and erroneously removed from the case; it was not 'gone for good.' When the Fifth Circuit reversed the [d]istrict [c]ourt's error, it restored [the defendant] to the case and correctly held that the jurisdictional defect had not been cured. That meant that the defect 'lingered through judgment' and that the [d]istrict [c]ourt's judgment therefore 'must be vacated.'" (citation omitted)). Accordingly, if the dismissed, jurisdiction-conferring claim may be revived on appeal, the district court may exercise supplemental jurisdiction—but if the claim cannot be revived, because, for example, it was voluntarily withdrawn by the plaintiff, the court has no ability to exercise supplemental jurisdiction over the remaining state law claims (absent some other basis for jurisdiction).

B. Orders of Dismissal under Rule 41

As mentioned above, the Parties purportedly dismissed the claims pursuant to Federal Rule of Civil Procedure 41(a), rather than having Plaintiffs amend their complaint pursuant to Rule 15 (as occurred in *Royal Canin*). Federal Rule of Civil Procedure 41(a) provides as follows:

> (a) Voluntary Dismissal
> (1) By the Plaintiff.
> > (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> > > (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

> (ii) a stipulation of dismissal signed by all parties who have appeared.
>
> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a). The text of the rule references not the dismissal of "claims" or "parties," but rather speaks in terms of the dismissal of "an action" in its entirety.

Faced with this language, the Second Circuit has vacillated as to whether Rule 41(a) "may be invoked only to dismiss an entire action" or whether the Rule may also be used "to dismiss as to only one of several defendants." *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985). The Second Circuit once took the view that Rule 41(a) applied solely to an action in its entirety, and could not be used to drop individual claims or parties; this decision, however, was "criticized and [considered] against the weight of authority." *Id.*; *see also* 9 Arthur R. Miller & Charles A Wright, Fed. Prac. & Proc. Civ. § 2362 (4th ed. 2026) ("[The use of the word 'Action' in the text of Rule 41] led the Second Circuit to hold that 'the word "action" as used in the Rules denotes the entire controversy, whereas "claim" refers to what has traditionally been termed "cause of action,"' which meant that a plaintiff could not dismiss one of several defendants under Rule 41(a) but had to proceed under Federal Rule of Civil Procedure 15 or Federal Rule of Civil Procedure 21. . . . Although some other courts have reached the same result as the Second Circuit, . . . the weight of judicial authority [is] to the contrary."). In the years since it appeared to embrace this view, however, the Court of Appeals has expressed uncertainty

as to whether its pronouncement that Rule 41 applies exclusively to the dismissal of an entire action "was necessary to the result" in its precedent—and therefore part of a binding holding—or merely dicta—and therefore non-binding. *Wakefield*, 769 F.2d at 114 n.4. Accordingly, and repeatedly, the Second Circuit has treated this question as one that need not be resolved "since it is clear that a district court may permit withdrawal of a claim under Rule 15, subject to the same standard of review as a withdrawal under Rule 41(a)." *Id.* (citation omitted); *see also Scottsdale Ins. Co. v. McGrath*, 88 F.4th 369, 377 n.7 (2d Cir. 2023) ("When a case is pending before the district court, a party may voluntarily dismiss its claims against some defendants by amending its pleading under Federal Rule of Civil Procedure 15, subject to the same standard of review as a withdrawal under Rule 41(a)." (quotation marks omitted)); *Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, No. 24-CV-744, 2024 WL 4635483, at *3 (S.D.N.Y. Oct. 31, 2024) ("The Second Circuit has not resolved the issue of whether the proper vehicle for a plaintiff's voluntary dismissal of some claims, instead of the entire action, is Rule 15 or Rule 41(a) . . . ." (quotation marks omitted)). Accordingly, "[d]istrict courts in this Circuit have interpreted [Second Circuit precedent] to mean that although a motion to eliminate only certain claims pursuant to Rule 41 may actually be a motion to amend the complaint (under Rule 15) rather than one for dismissal, there is no substantive difference between the two." *Henderson v. Popp*, No. 22-CV-242, 2022 WL 3593685, at *2 n.2 (N.D.N.Y. Aug. 23, 2022) (alteration adopted, quotation marks omitted).[5]

---

[5] In some cases, perhaps as a result of the Second Circuit's statements on this question, courts within the Second Circuit construe motions to dismiss certain subsets of claims without prejudice pursuant to Rule 41(a)(1) as motions to amend the complaint pursuant to Rule 15. *See, e.g., Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*, 763 F. Supp. 3d 618, 628 (S.D.N.Y. 2025) ("[The parties] filed a purported stipulation of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1). [Shortly thereafter] . . . the Court indicated that it would

C. Plaintiffs' Voluntary Dismissal of Claims

This precedent suggests—but arguably does not compel the conclusion—that Plaintiffs did, in fact, amend their Complaint for *Royal Canin*'s purposes when they dismissed Lorde-Rollins from the Action. *See Stern*, 2025 WL 3674288, at *4 n.3 ("[The plaintiff's] affirmative act of voluntary dismissal in this case is akin to amendment of the operative pleading, and it deprives this Court of subject matter jurisdiction."); *Porter v. Hochul*, No. 25-CV-381, 2025 WL 2924579, *1–2 & n.1 (N.D.N.Y. Oct. 15, 2025) (concluding that the plaintiff's motion to drop federal claims, which was made pursuant to Rule 41(a) or, in the alternative, pursuant to Rule 15, was subject to the *Royal Canin* rule and that there was no meaningful distinction between the two rules in this context); *Century Sur. Co. v. Vas & Sons Corp.*, No. 17-CV-5392, 2018 WL 4804656, at *2 (E.D.N.Y. Sept. 30, 2018) (explaining "[w]hile [the plaintiff] may dismiss the entire *action* unilaterally under Rule 41(a), that Rule does not authorize it to dismiss only one claim" but noting in-Circuit authority to the contrary). If so, the necessary conclusion from *Royal Canin* would be that this Court lacks jurisdiction over an action, like this one, where the federal claims were effectively amended away through voluntary dismissal, and that the Court lacked jurisdiction as soon as the dismissal of the federal claims became effective. *See* 6 Mary Kay Kane, Howard M. Erichson, Charles A. Wright & Arthur C. Miller, Fed. Prac. & Proc. Civ. § 1476 & n.7 (3d ed. 2026) (explaining that once a pleading "has been amended," the new pleading "supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified," and that jurisdiction is established based on the amended pleading);

---

construe the filing as a motion by [the p]laintiff to dismiss all claims against [certain of the defendants] pursuant to the [c]ourt's powers under Rules 15 and 21 of the Federal Rules of Civil Procedure as well as its inherent power, and granted that motion." (citation omitted)).

*Royal Canin*, 604 U.S. at 36 (noting once an amended complaint is filed "[t]hat [amended] complaint is . . . the operative one; the old complaint has become irrelevant"); *see also Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) (explaining the "well established" rule that an amended complaint "supersedes the original and renders it of no legal effect" no later than the time it is served on a party opponent); *Rose v. Caldwell Tanks/Caldwell 2.0*, No. 25-CV-648, 2025 WL 3565341, at *5 (W.D. Ky. Dec. 12, 2025) (construing the plaintiff's "Rule 41(a)(1)(A)(i) notice of partial voluntary dismissal as a motion for leave to amend the complaint and grant[ing] . . . leave to amend" concluding further that, "[b]ecause the operative pleading no longer supports federal jurisdiction [under *Royal Canin*] the federal court must remand the case to the state court where it started" (quotation marks omitted and alterations adopted)).

However, some courts have differentiated—at least in passing—between amendment of the complaint to "remove all claims over which the Court has original jurisdiction" and the "mere[] voluntar[y] dismiss[al] [of the plaintiff's] federal claims," to conclude that they may nevertheless exercise discretion over the decision of whether to retain supplemental jurisdiction. *Kahlon v. County of Nassau*, No. 24-CV-2439, 2025 WL 473980, at *3 (E.D.N.Y. Feb. 12, 2025); *see also Parker v. Della Rocco*, 252 F.3d 663, 665–66 (2d Cir. 2001) (holding, well before *Royal Canin*, that a district court's continued exercise of supplemental jurisdiction over state claims after voluntary dismissal of sole federal claim was not adequate grounds to vacate district court's judgment pursuant to Federal Rule of Civil Procedure 60(b)(4), where the plaintiff never moved for remand and failed to comply with the district court's individual rules and orders). Accordingly, the Court assumes for the purposes of resolving the requests before it that a Motion to Dismiss claims pursuant to Rule 41(a) is not necessarily a motion to amend the

complaint pursuant to Rule 15, and moves on to consider the question whether the Rule 41(a) Motion made here falls within the scope of the *Royal Canin* rule regardless.

The Court can discern at least three potential grounds upon which this Action might be distinguished from *Royal Canin*, but none is persuasive. First, in some circumstances, claims that have been voluntarily dismissed may nevertheless be subject to reinstatement on appeal, and therefore the claims dismissed here might still be "live" in some sense. *See Purdy v. Zeldes*, 337 F.3d 253, 257–58 (2d Cir. 2003) (explaining that the Second Circuit permits conditional dismissal of claims under certain circumstances, to be reinstated if the claimant is successful in pressing an appeal or dismissed with prejudice if not). Second, the removal in this Action was *not* pursuant to § 1441, but either pursuant to § 1442 or § 233(c), which, one might argue, could be a basis to distinguish these facts from *Royal Canin*. Third and finally, the Plaintiffs have sought to consolidate this Action with the Parallel Proceeding, a fact that did not exist in *Royal Canin*. For the reasons explained below, these facts do not meaningfully distinguish Plaintiffs' decision to dismiss their claims pursuant to Rule 41(a) from the procedure followed by the plaintiff in *Royal Canin*.

<u>1. Whether the voluntarily dismissed claims might be reinstated on appeal</u>

As mentioned, under *Royal Canin*, "when *a court* . . . dismisses claims over which it has original jurisdiction, 'supplemental jurisdiction persists—though the district court ordinarily should[ ] kick the case to state court.'" *Faulk v. Gen. Elec. Co.*, No. 23-CV-5132, 2025 WL 899838, at *5 (C.D. Cal. Mar. 25, 2025) (quoting *Royal Canin*, 604 U.S. at 32) (emphasis added). In contrast, if *the plaintiff* effectively "excis[es] all federal claims through a post-removal amendment," then the *Royal Canin* rule applies. *Id. See also Gonzales v. Courtyard Mgmt. Corp.*, No. 22-CV-482, 2025 WL 2549734, at *8 n.6 (D.N.M. Sept. 4, 2025) ("[W]hen a

plaintiff amends their complaint to eliminate all federal claims, those claims are 'gone for good.' . . . For this reason, courts technically retain discretion to hear remaining state claims even after they have dismissed the federal claims." (citation omitted)).

Here, Plaintiffs could not revive their dismissed claims via an appeal of *this* Action to the Second Circuit—they are wholly gone from *this* Action, even though they remain pending in the Parallel Proceeding. *Cf. Recoop LLC v. Outliers Inc.*, No. 24-CV-1810, 2025 WL 3154467, at *3 (S.D.N.Y. Nov. 11, 2025) (declining to apply *Royal Canin* rule where the dismissed "federal claims [were] not 'gone for good'" but "remain[ed] available if [the plaintiff] convince[d] the appellate court that th[e] [district c]ourt erred in granting the motion for summary judgment"). The Second Circuit has explained that it "generally lack[s] appellate jurisdiction to review voluntary dismissals of claims" pursuant to Rule 41(a)(2). *Ali v. Fed. Ins. Co.*, 719 F.3d 83, 88 (2d Cir. 2013). While exceptions exist to this general lack of appellate jurisdiction, they are not applicable here—including because the dismissal here was without prejudice. *See New York State Telecommunications Ass'n, Inc. v. James*, 101 F.4th 135, 143 (2d Cir. 2024) (identifying four factors for appellate jurisdiction over claims resolved by a consent judgment, (1) that the district court has "plainly rejected" the basis for the claim or defense, (2) that the claims were disposed of with prejudice, (3) that the consent to final judgment must have been designed "solely to obtain immediate appeal of the prior adverse decision," and (4) that the appellant has "expressly preserved" the right to appeal), *cert. denied*, 145 S. Ct. 984 (2024), *reh'g denied*, 145 S. Ct. 1229 (2025); *see also Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 809 (2d Cir. 2022) ("*Cheeks* held that 'the FLSA [is] within Rule 41's "applicable federal statute" exception,' and that the district court therefore properly retained jurisdiction—notwithstanding the parties' joint stipulation of dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii)—to review and approve

(or reject) the settlement." (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200–01, 206 (2d Cir. 2015)); *In re Dividend Solar Fin., LLC, & Fifth Third Bank Sales & Lending Pracs. Litig.*, No. 24-MDL-3128, 2025 WL 713360, at *2 (D. Minn. Mar. 5, 2025) (applying *Royal Canin* rule where the court dismissed every federal claim asserted by the parties pursuant to Rule 41(a)(2)); *García-Lumbano v. Marsh Saldana, Inc.*, No. 25-CV-1031, 2025 WL 295305, at *1 (D.P.R. Jan. 24, 2025) (same). And even if the Motion was made pursuant to Rule 41(a)(1), rather than Rule 41(a)(2), it appears that Plaintiffs' claims would not be capable of resuscitation on the merits if Plaintiffs were to appeal.[6] *See Farkash v. Five Star Travel Inc.*, 841 F. App'x 278, 280–81 (2d Cir. 2021) (summary order) (explaining that the appeals court has jurisdiction "to review whether a district court erroneously entertained a suit it lacked jurisdiction over," even after a Rule 41(a)(1) dismissal, "even if [the appeals court] lack[s] jurisdiction to review the merits"); *Weston Cap. Advisors, Inc. v. PT Bank Mutiara, Tbk*, 738 F. App'x 19, 21 n.4 (2d Cir. 2018) (summary order) (noting that Rule 41(a)(1) dismissal without prejudice generally does not render other adverse decisions appealable, but noting that civil contempt orders are nevertheless appealable); *Chappelle v. Beacon Commc'ns Corp.*, 84 F.3d 652, 654 (2d Cir. 1996) ("We agree with those courts that have precluded an appeal from a dismissal of some of a plaintiff's claims when the balance of his claims have been dismissed

---

[6] At least one court in similar circumstances has held that a "stipulated dismissal . . . d[id] not fall under Rule 41(a)(2) because the parties jointly, rather than [the p]laintiff alone, submitted the stipulated dismissal to the [c]ourt and it was signed by all parties." *Skinner v. Mata*, No. 22-CV-901, 2025 WL 1710586, at *5 n.4 (D.N.M. June 18, 2025). The court explained that "Rule 41(a)(2) provides that 'except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order.' There was no motion filed, the stipulated dismissal was signed by all parties who appeared, and the stipulated dismissal was submitted jointly by the parties, not [the]plaintiff." *Id.* (alterations adopted). Accordingly, the court deemed the motion to be made pursuant to Rule 41(a)(1). As the claim could not be reinstated regardless of the subpart relied upon, this distinction does not bear on the outcome here.

without prejudice pursuant to a Rule 41(a) dismissal of the action. . . . [A] dismissal without prejudice does not preclude another action on the same claims, [so] a plaintiff who is permitted to appeal following a voluntary dismissal without prejudice will effectively have secured an otherwise unavailable interlocutory appeal."). In other words, much like where a claim is dismissed because the plaintiff opted to amend it out of the action, a claim that a plaintiff and defendant voluntarily agree to set aside without prejudice is not one that the Court of Appeals—absent narrow exceptions not applicable here—can bring back into the action. *See Zivkovic v. Laura Christy LLC*, 137 F.4th 73, 83–84 (2d Cir. 2025) (explaining that federal appellate jurisdiction depends on a final dismissal on the merits, that voluntary dismissal without prejudice is insufficient to permit an appeal, and that where a dismissal would allow claims "to spring back to life" regardless of whether the plaintiff were to win or lose on appeal, the Court of Appeals would lack jurisdiction).[7]

---

[7] The Court also notes one Second Circuit decision cited above, *Parker*, 252 F.3d 663, appears to suggest that the Court would continue to have the discretion to exercise supplemental jurisdiction over the state law claims despite their voluntary dismissal. *Parker* does not squarely address the situation here, however, because it involved a motion to void a judgment under Federal Rule of Civil Procedure 60(b)(4), after the case was dismissed because the plaintiff failed to prosecute the action. *See id.* at 665. The Court is skeptical that a decision holding the Court had jurisdiction to dismiss a case for failure to prosecute has analytical value here.

Moreover, to the extent that *Parker* relied on earlier holdings that "the district court may, at its discretion, exercise supplemental jurisdiction over state law claims [pursuant to § 1367(c)] even where it has dismissed all claims over which it had original jurisdiction, even though it cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction," *id.* at 666 (quotation marks omitted, alteration adopted), this point of law is squarely limited by the Supreme Court's holding in *Royal Canin*, explaining that "[o]nce the plaintiff has ditched all claims involving federal questions, the leftover state claims are supplemental to nothing—and § 1367(a) does not authorize a federal court to resolve them," meaning § 1367(c) discretion never comes into play at all, *Royal Canin*, 604 U.S. at 32. Subsequent decisions involving § 1442 removal, even in spite of *Parker*, speak in terms of compulsory remand once the jurisdiction-conferring claims have been eliminated. *See, e.g.*, *Brignole Vineyards, LLC v. United States*, No. 24-CV-1403, 2026 WL 161443, at *3 (D. Conn. Jan. 21, 2026) ("Under these circumstances, the case must be remanded to the Superior Court.");

Because these claims are gone from this Action "for good," the Court determines that the *Royal Canin* rule applies even though the dismissal is nominally pursuant to Rule 41(a).

2. Basis for removal

For similar reasons, the Court concludes that, in these circumstances, it is immaterial that removal occurred pursuant to some statute other than § 1441. Unlike the Plaintiffs in *Royal Canin*, when Lorde-Rollins removed this case, she acted under the authority of one or both of two statutes: either 42 U.S.C. § 1442, the Federal Officer Removal Statute, or 42 U.S.C. § 233(c), the statute cited in her notice of removal. The Federal Officer Removal Statute permits an officer of the United States to remove actions "for or relating to any act under color of . . . office." 42 U.S.C. § 1442; *Agyin*, 986 F.3d at 174–79 (noting statute applies to federally deemed community health center employees). "To invoke the statute, a defendant who is not . . . a federal officer must demonstrate that (1) the defendant is a 'person' under the statute, (2) the defendant acted 'under color of federal office,' and (3) the defendant has a 'colorable federal defense.'" *Cuomo v. Crane Co.*, 771 F.3d 113, 115 (2d Cir. 2014) (quoting *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135 (2d Cir. 2008)). Lorde-Rollins's assertions in her notice of removal and exhibits met these requirements, and Plaintiffs do not contest that these assertions are accurate.[8] A federally deemed community health center employee may also avail herself of

---

*Bilal v. Russell*, No. 24-CV-3335, 2025 WL 845112, at *6 (E.D.N.Y. Mar. 18, 2025) (remanding where the Court had dismissed the sole federal claims in the action and describing remand as mandatory).

[8] To spell out the applicability of § 1442: Lorde-Rollins is undoubtedly a "person" under the statute. *See* 1 U.S.C. § 1 (defining "person"); *Agyin*, 986 F.3d at 174 (determining that a federally-deemed-employee doctor was a "person" under the statute). The Parties do not contest, and have submitted documentation to support, that Lorde-Rollins was an employee of the United States Public Health service and acted within the scope of her employment for the purposes of the claims asserted against her. (Not. of Removal ¶ 5; *id.*, Ex. B.) Accordingly, she acted "under color of [federal] office." 28 U.S.C. § 1442(a)(1). Moreover, "the FTCA provides government

the removal authority codified at 42 U.S.C. § 233(c).[9] To demonstrate her entitlement to remove, she must produce a "certification by the Attorney General," which she has done. *See id.*

---

employees with absolute immunity against common-law tort claims when the employee is acting within the scope of their employment." *Cohen v. United States*, No. 23-CV-80599, 2025 WL 2611680, at *4 (S.D.N.Y. Sept. 9, 2025) (citing, *inter alia*, *Rivera v. United States*, 928 F.2d 592, 608 (2d Cir. 1991)), *reconsideration denied*, 2025 WL 3538597 (S.D.N.Y. Dec. 10, 2025). At the time of removal, she therefore had also asserted a colorable federal defense—that absolute immunity under the FTCA applied to her alleged conduct. *See Agyin*, 986 F.3d at 174–75 (determining that allegations that a provider was acting within scope of employment, made at the time of removal, were sufficient to permit removal under the statute and that the provider had a "colorable federal defense as to his conduct at the clinic at the time of removal"); *Kelley*, 115 F.4th at 138–39 (concluding that a "notice of removal asserted a colorable claim for removal under § 1442" where "it certified that [a hospital] was a deemed entity and that [a provider's] treatment of [the plaintiff] fell within the scope of [the provider's] employment").

Although Lorde-Rollins did not expressly invoke § 1442, this omission is not fatal to the conclusion that § 1442 provided the basis for her removal. *See Agyin*, 986 F.3d at 180–81. Rather, to fall within the ambit of that statute, Lorde-Rollins "was required to provide 'a short and plain statement of the grounds for removal' in h[er] notice of removal." *Id.* at 180 (quoting *Georgia v. Rachel*, 384 U.S. 780, 793 n.21 (1966)). As relevant here, "[t]o invoke § 1442, 'the allegation that petitioners were officers acting under color of office in the employment of the United States [is] sufficient.'" *Id.* at 181 (quoting *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962)); *see similarly* 14C Charles A. Wright, Arthur R. Miller, Mary Kay Kane, and A. Benjamin Spencer Fed. Prac. & Proc. Juris. § 3733 (Rev. 4th ed. 2026) ("[D]etailed grounds for removal need not be set forth in the notice. Rather, it should be sufficient if the court is provided the facts from which its jurisdiction can be determined."). This, she did. While, as mentioned below, removal under this provision is typically subject to a 30 day limitation period, failure to timely remove is an error that does not deprive the federal court of jurisdiction over the removed action—and Plaintiffs did not object to the removal.

[9] In its entirety, this subsection reads as follows:

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merit that the case so removed is one in which a remedy by suit within the meaning of subsection (a) of this section is not available against the United States, the case shall be remanded to the State Court: *Provided*, That where such a remedy is precluded because of the availability of a remedy through proceedings for compensation or other benefits from the United States as provided by any other

(*See also* Not. of Removal; *id.*, Ex. B.) The two statutes, although "largely overlapping," nevertheless bear distinctions that can be "important" in some cases. *Agyin*, 986 F.3d at 179 (quoting *A.Q.C. ex rel. Castillo v. Bronx-Lebanon Hosp. Ctr.*, No. 11-CV-2656, 2012 WL 170902, at *4 (S.D.N.Y. Jan. 20, 2012)).

"[A] case may be removed pursuant to § 1442 only 'within 30 days' of receipt of the initial pleading," whereas "a case may be removed under § 233 'at any time before trial.'" *Id.* (first quoting 28 U.S.C. § 1446; then quoting 42 U.S.C. § 233). This thirty-day requirement is "merely a formal and modal requirement and is not jurisdictional." *Id.* at 182 (quotation marks omitted). A party who exercised their right to remove "pursuant to § 1442 is entitled to appeal an order remanding the case for lack of subject matter jurisdiction," whereas one who removed "pursuant to § 233 has no such right to appeal." *Id.* at 180 (citing 28 U.S.C. § 1447(d)). The Second Circuit has explained that the removal authority pursuant to § 233(c) is a "different right[]" than that pursuant to § 1442, but that both statutory provisions may apply in the same action. *Id.* at 180. In accounting for this overlapping removal authority, the Second Circuit has noted that "it is natural to understand § 233 as providing supplemental removal rights to persons in a specific situation, even though such persons also may sometimes remove under § 1442." *Id.*[10]

> law, the case shall be dismissed, but in the event the running of any limitation of time for commencing, or filing an application or claim in, such proceedings for compensation or other benefits shall be deemed to have been suspended during the pendency of the civil action or proceeding under this section.

42 U.S.C. § 233(c).

[10] The United States also cited 28 U.S.C. § 2679(d)(2), part of the Westfall Act, to support the right to remove. (*See* Not. of Removal.) The analysis under that statute is the same as the analysis described regarding §233(c), as the Second Circuit has explained that "[t]he text of § 233(c), which applies to federally funded public health centers, is substantively identical to § 2679(d)(2)." *Carroll v. Trump*, 148 F.4th 110, 118 (2d Cir. 2025); *see also Agyin*, 986 F.3d at

The Supreme Court's decision in *Royal Canin* involved removal pursuant to 28 U.S.C. § 1441 rather than 28 U.S.C. § 1442 or 42 U.S.C. § 233(c). So, the dismissal of claims here presents the question whether the rule announced in that case might not bear on an action removed pursuant to 28 U.S.C. § 1442 or 42 U.S.C. § 233(c). But this argument fails because, again, even though this order is appealable, the order voluntarily dismissing the jurisdiction-conferring claims is not, and those claims are not capable of being reinstated on appeal.

As the removal of this Action meets the requirement for § 1442 removal, this decision is appealable. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise."). The Supreme Court has held that the review of such an order is not limited to the determination whether removal was appropriate under 28 U.S.C. § 1442; rather, in a case removed pursuant to § 1442, "the whole of [the] order [remanding the action] bec[o]me[s] reviewable on appeal." *BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230, 238 (2021). It is immaterial whether "a defendant removes a case 'pursuant to' *multiple* federal statutes. . . . [Section] 1447(d) permits appellate review of the district court's remand order—without any further qualification." *Id.* at 238–39.

But appellate review of *this* order would not reinstate Plaintiffs' voluntarily dismissed claims. As described above, those claims are not capable of being reinstated in this Action regardless of whether they are properly conceptualized as an amendment to the Complaint pursuant to Rule 15 or a voluntary dismissal pursuant to some sub-part of Rule 41. Simply put, a

---

179–80 (describing the Westfall Act and § 233 as "similar" and relying on precedent interpreting the Westfall act to evaluate the removal right under § 233(c)).

Court of Appeals has "jurisdiction to review claims that the district court dismissed" or remanded "not the claims that the party voluntarily abandons." *Busher v. Barry*, No. 20-3587, 2021 WL 5071871, at *5 (2d Cir. Nov. 2, 2021) (summary order); *see also Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp.*, 814 F.2d 90, 94 (2d Cir. 1987) ("[A]n appeal from a judgment entered upon a voluntary dismissal with prejudice does not bring up for review any matters that were voluntarily dismissed."); *cf. Microsoft Corp. v. Baker*, 582 U.S. 23, 41 (2017) ("[Section] 1291's firm final-judgment rule is not satisfied whenever a litigant persuades a district court to issue an order purporting to end the litigation.").

To the extent courts have considered the question whether *Royal Canin* applies to actions removed pursuant to § 1442, their decisions have followed the "gone for good" distinction drawn by the Supreme Court. While some courts declined to apply *Royal Canin* to an action removed pursuant to 28 U.S.C. § 1442, every case to do so has involved a § 1442 remand that would be subject to review and where the jurisdiction-conferring claim might be reinstated on appeal. *See Steib v. Huntington Ingalls, Inc.*, No. 24-CV-2486, 2025 WL 2532696, at *3 (E.D. La. Sept. 3, 2025) (rejecting argument that *Royal Canin* required remand if immunity defense would fail on the merits); *LeBoeuf v. Huntington Ingalls, Inc.*, No. 24-CV-1695, 2025 WL 1403139, at *3 (E.D. La. May 15, 2025) (concluding that *Royal Canin* did not apply in case removed under federal officer removal statute, primarily relying on the fact that the federal defense was "dismisse[d] . . . on the merits" at summary judgment, but also noting that the federal officer removal statute is construed more broadly than § 1441). And where claims that originally permitted the removal of the action pursuant to § 1442 have been voluntarily dropped by a party, courts have readily applied the *Royal Canin* rule. *See, e.g., California by & through Harrison v. Express Scripts, Inc.*, 154 F.4th 1069, 1080–81 (9th Cir. 2025) (explaining that "[t]o prevent a

defendant from removing under the federal officer removal statute, plaintiffs may disclaim in their complaint claims that would serve as the basis for removal" and requiring that "[t]o defeat removal, an express disclaimer must explicitly renounce claims upon which federal officer removal was based"); *Brown v. Arrowhead Reg'l Med. Ctr.*, No. 26-CV-658, 2026 WL 1216191, at *1–2 (C.D. Cal. May 4, 2026) (noting that case was removed pursuant to federal officer removal statute, but concluding that as the amended complaint no longer asserted a claim permitting federal officer removal or otherwise conferring federal jurisdiction, remand was appropriate pursuant to *Royal Canin*); *Horton v. Gen. Elec. Co.*, No. 25-CV-100, 2025 WL 2933858, at *6 (W.D. Ky. Oct. 15, 2025) (concluding, in case where complaint was amended to disclaim any possibility of recovery based on injury during federal military service (which gave rise to § 1442 removal), that, "because [the defendant] cannot assert a colorable federal defense to any of the claims remaining in this case, the Court has no basis to exercise original jurisdiction and therefore remand is required as to all the claims" and citing *Royal Canin*)); *Citizen Potawatomi Cmty. Dev. Corp. v. Beauchamp*, No. 24-CV-662, 2025 WL 1272835, at *1 (W.D. Okla. May 1, 2025) (reasoning, where complaint was amended such that party who provided basis for removal pursuant to § 1442 was no longer party to the suit, that the case should be mandatorily remanded pursuant to *Royal Canin*).

In contrast to § 1442 removal, the Court has been able to find no cases analyzing the applicability of the *Royal Canin* rule to a case originally removed pursuant to § 233(c) where the jurisdiction-conferring claims were voluntarily withdrawn.[11] But the Court sees no reason why

---

[11] The closest such case, *Hayes v. Presence Chicago Hosp. Network*, No. 23-CV-1749, 2025 WL 4050880, at *2–3 & n.3 (N.D. Ill. July 9, 2025), provides little guidance. There, the Plaintiffs presented an administrative claim to HHS; while the claim was being resolved, the action was removed and the United States was substituted as a defendant; the plaintiffs

the reasoning of *Royal Canin* would not govern in this context, too. (If anything, the argument in favor of the rule's application is stronger: after all, "a party who removed pursuant to § 233 has no . . . right to appeal" an order remanding the removed action, and so the path to resuscitating the removed claim is less-often available. *Agyin*, 986 F.3d at 180.) And at least one court in this District has recently concluded that, where an action had been removed pursuant to 42 U.S.C. § 233(c) and the claims against the United States were dismissed without prejudice pursuant to a stipulated dismissal between the parties, there was "no . . . basis upon which th[e] [c]ourt could assert subject matter jurisdiction," and remand was therefore mandatory. *Green v. Bronx Lebanon Hosp. Ctr.*, No. 25-CV-10369, 2026 WL 658450, at *2 (S.D.N.Y. Mar. 9, 2026). That removal here occurred under Section 233(c) accordingly appears to provide no basis for differentiating the voluntary dismissal that occurred here from the voluntary amendment in *Royal Canin*.

3. Consolidation

Finally, unlike *Royal Canin*, in this Action the Court also has before it the question of consolidation of this Action and the Parallel Proceeding. Plaintiffs urge the Court to consider the question of consolidation prior to the question of remand—they hope to associate their federal claim with the state claim asserted in this Action, and urge the Court to exercise supplemental jurisdiction based on the claim that gave Lorde-Rollins the authority to remove in the first

---

voluntarily dismissed their claim against the doctor in her individual capacity; the claim against the United States was dismissed without prejudice; the action was stayed; the claim was exhausted; a new lawsuit was filed against the United States and consolidated with the original action; and the plaintiffs filed an amended complaint re-adding the claim against the United States. *All* of these actions occurred prior to the Supreme Court's decision in *Royal Canin*, and by the time that decision issued, the amended complaint re-asserting a jurisdiction-conferring claim had already been filed. *See id.* It was later dismissed as time-barred, but because that was an adjudication on the merits, the *Royal Canin* rule did not apply. *Id.*

instance. (*See* Pls.' Br.) It is at least arguable that, "[i]f the Court were to first consolidate the cases and then view the jurisdictional issue by considering the claims in combination, the answer would be straightforward: the federal claim in [the Parallel Proceeding] would support supplemental jurisdiction over the factually related state law claims in both cases and there would be no need to consider whether dismissal of the federal claim in [this Action] requires remand of [this] case." *Washington v. Burley*, No. 12-CV-154, 2012 WL 5289682, at *2 (S.D. Tex. Oct. 23, 2012). However, the (relatively few) courts that have considered the question whether remand is appropriate in a case where subject matter jurisdiction plainly existed at the time of removal but, due to post-removal procedural developments and where a consolidation motion is pending, no longer would exist based on the remaining claims, suggest that the appropriate question is to consider remand first, before looking to consolidation. *Id.* at *2–3; *see also Siemens Water Technologies, LLC v. Sooter*, No. 14-CV-49, 2014 WL 710953, at *1 n.1 (S.D. Tex. Feb. 24, 2014) (deciding motion to remand before a motion to consolidate).

The Court agrees that this is the appropriate order of analysis. To proceed any other way would, at least in the circumstances presented here, implicate constitutional concerns. It is axiomatic that courts of the United States are courts "of limited jurisdiction" that possess "only that power authorized by Constitution and statute." *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quotation marks omitted). Accordingly, a court is required to keep a close eye to the question of its own jurisdiction, and, when determining whether it lacks "subject-matter jurisdiction, [the] court[] [is] obligated to consider sua sponte issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (emphasis omitted). If, at *any* point, a federal court determines it lacks subject matter jurisdiction, "the court must dismiss the action," Fed. R. Civ. P. 12(h)(3), or remand to state

court if the action was removed therefrom, 28 U.S.C. § 1447(c). *See also Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." (emphasis omitted)).

As explained in *Exxon Mobil Corporation v. Allapattah Services, Inc.*, "[i]n order for a federal court to invoke supplemental jurisdiction . . . it must first have original jurisdiction over *at least one claim in the action*." 545 U.S. at 554 (emphasis added). *See also Griffin v. Lee*, 621 F.3d 380, 384 (5th Cir. 2010) ("If a district court has original jurisdiction over at least one claim in a case, it must look to what was traditionally known as 'pendent' or 'ancillary' jurisdiction to assess whether it has jurisdiction over any remaining claims over which it would otherwise lack original jurisdiction." (emphasis added)); Pendent Jurisdiction, Black's Law Dictionary (12th ed. 2024) (defining supplemental jurisdiction as the jurisdiction "to hear and determine a claim over which it would not otherwise have jurisdiction, because the claim arises from the same transaction or occurrence as another claim that is properly before the court"). But that initial claim over which the court has original jurisdiction is crucial: where the court does not have original jurisdiction over at least one claim in a case (or one set of claims aggregated pursuant to CAFA), it may not exercise supplemental jurisdiction over the additional claims. *See In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 730 n.2 (2d Cir. 1993) ("[T]he court may not exercise supplemental jurisdiction over claims unless the court has 'original jurisdiction' over at least one of the plaintiff's claims."); *Rosenblatt v. St. John's Episcopal Hosp.*, No. 11-CV-1106, 2012 WL 294518, at *10 (E.D.N.Y. Jan. 31, 2012) ("Here, the dismissal of the plaintiff's claims against the United States divests this Court of original federal jurisdiction over any claim and thus precludes the exercise of supplemental jurisdiction over the plaintiff's remaining state-law

claims."); *accord Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1062 (9th Cir. 2015) ("The lynchpin in [*Exxon Mobil*'s] holding was that the court did have jurisdiction over one of the claims. Here, however, the district court would not have had jurisdiction over any of the claims. . . . While th[e] argument [in favor of jurisdiction] is Daedalian, we find no basis in statutory or case law to support it.").

These precedents strongly suggest that the Court should consider the question of remand prior to the question of consolidation. If at *any* stage the Court loses jurisdiction over an action, it is bound to dismiss that action. As described above, whether Plaintiffs amended their complaint pursuant to Rule 15 or simply dismissed a claim voluntarily pursuant to Rule 41(a), the net result is that Court lacks jurisdiction over the claims that remain in the Action. To evaluate jurisdiction only after consolidation would, effectively, allow the Court to turn a blind eye to its interim lack of jurisdiction. This, the Court cannot do. *See Hain Celestial Grp.*, 607 U.S. at 431 ("This Court has never held that a district court can create jurisdiction through its own mistakes. A rule to the contrary would permit courts to enlarge their jurisdiction beyond the limits Congress imposed."); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts . . . possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" (citations omitted)); *Anderson v. Heartland Coca-Cola*, No. 21-CV-2545, 2021 WL 5648066, at *1 (D. Kan. Dec. 1, 2021) ("[T]he [c]ourt agrees with the [m]agistrate [j]udge that there appears to be no sound basis for federal jurisdiction over a separate and independent claim for breach of an agreement to provide PTO wages. Consolidation, however, is not the solution."); *McCubbins v. United Airlines*, 227 F. Supp. 3d 654, 659 (S.D. Miss. 2016) (noting that "because the [c]ourt lacks subject-matter jurisdiction in *McCubbins I*, it lacks the authority to order consolidation with *McCubbins*

*II"*); *Williams v. Ameriquest Mortg.*, No. 07-CV-235, 2007 WL 2254416, at *2 (M.D. Ala. Aug. 2, 2007) (noting that "consolidation could not confer federal jurisdiction . . . if it were otherwise lacking").[12]

Accordingly, the Court concludes that neither the voluntary dismissal of claims, nor the conclusion that the removal falls within the scope of § 1442, nor the pending request to consolidate changes the analysis: the *Royal Canin* rule applies, and the remaining state law claims must be remanded to state court. The Court recognizes that the fact that *the Plaintiffs* are the parties opposing remand—despite their original decision to file in state court—is somewhat in tension with the underlying justifications of the *Royal Canin* rule. *See Royal Canin*, 604 U.S. at 35 (explaining the *Royal Canin* rule as emerging from the principle that the plaintiff is the "master of the complaint" (wholly quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987)). But it nevertheless remains true that Plaintiffs, as masters of their complaint, initially took affirmative action—voluntarily dismissing their federal claims without prejudice—that not

---

[12] The Court notes further that some cases suggest that consolidation pursuant to Rule 42 might not cure the jurisdictional issue. The Eleventh Circuit, among other courts, has held that "[c]onsolidation does not result in merger of suits or parties such that federal jurisdiction in one case can be engrafted upon a case with which it is consolidated." *Xaros v. U.S. Fidelity and Guar. Co.*, 820 F.2d 1176, 1180 n.1 (11th Cir. 1987); *see also McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) (finding that consolidation in district court of two separate actions did not give the district court subject matter jurisdiction over one of the actions); *In re Philips Recalled CPAP, Bi-Level PAP, & Mech. Ventilator Prods. Litig.*, 781 F. Supp. 3d 353, 372–73 (W.D. Pa. 2025) (explaining that centralization in the MDL context does not "give the district court subject matter jurisdiction to adjudicate an action that is lacking in original federal jurisdiction"). These precedents accord with the Supreme Court's observation that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Hall v. Hall*, 584 U.S. 59, 70 (2018). The Court need not delve into this thicket, however, as there appears to be no binding precedent from the Second Circuit or Supreme Court squarely addressing this question, and the Court's determination that it is appropriate to begin with the question of remand—due to the jurisdictional issues raised by amendment—makes this issue unnecessary to the resolution of the requests before the Court.

only wholly removed those claims from this Action but also made them incapable of being revived later on in the litigation. *Cf. Scottsdale*, 88 F.4th at 380 (explaining decision was sufficiently final where terms of dismissal provided that "[o]nly if [the plaintiff's] entire case was revived on appeal could the dismissed claim too spring back to life"); *Gerran v. City of Ferguson*, No. 24-CV-843, 2025 WL 1454469, at *1 (E.D. Mo. May 21, 2025) ("[A]lthough [the p]laintiffs have not amended their complaint to eliminate their federal claims, they have voluntarily dismissed their federal claims, which has the same effect. . . . [B]ecause there is no substantive difference between [the p]laintiffs' post-removal voluntary dismissal of their federal claims and the post-removal amendment to eliminate federal claims addressed in *Royal Canin*, *Royal Canin* mandates remand here."). It is the Plaintiffs' right to make these litigation decisions—perhaps designed here to get around their failure to exhaust their administrative remedies prior to filing the Action in state court (*See* Compl. ¶ 3 (Dkt. No. 1) (Dkt. 24-CV-7724))—but these tactics cannot confer jurisdiction upon the Court where it is lacking. Nor were Plaintiffs bound to dismiss the claim once they discovered that the United States was the real party in interest as to their claim against Lorde-Rollins: the United States could have been substituted as a Defendant for Lorde-Rollins in *the same* action. *See Costin v. Glens Falls Hospital*, No. 22-CV-296, 2026 WL 861080, at *3 (N.D.N.Y. Mar. 30, 2026) (noting, in procedural history, that the court had granted motion to substitute United States as defendant before ultimately dismissing claim). There is no barrier to considering FTCA claims alongside other claims in one action. *See Corley v. United States*, No. 14-CV-925, 2016 WL 5394705, at *3–6 (E.D.N.Y. Sept. 27, 2016) (evaluating an FTCA claim against the United States alongside claims against other of the defendants). Such a maneuver would have sustained the Court's original jurisdiction (and the Court's ability to exercise supplemental jurisdiction over the

remaining state law claims) *even if* the claim were dismissed for failure to exhaust, because such dismissal would have been subject to review on appeal. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 84 (2d Cir. 2005) (affirming decision dismissing FTCA claim for failure to exhaust). But, having made the choice to assert the claim against the United States in a new proceeding (and thereby avoid the fact that the claim was unexhausted), Plaintiffs cannot graft that proceeding back onto the original suit.[13]

D. Supplemental Jurisdiction

In the alternative, even if *Royal Canin* did not mandate remand, this Court nevertheless would conclude that remand is appropriate for another reason: where no claims remain in an action over which the court has original jurisdiction, the court "may (and indeed ordinarily should) kick the case to state court." *Royal Canin*, 604 U.S. at 32 (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966)). Based on the claims that remain in this Action, the Court concludes it "should[] kick the case to state court," *id.*, based on considerations of judicial economy, convenience, fairness, and comity, which "point toward declining to exercise jurisdiction over remaining state-law claims," *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). This is not a case where "dismissal of the federal claim occurs late in the action, after there has been substantial expenditure in time, effort, and money." *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) (quotation marks omitted). Instead, it is still early days, and the fact that the Action has not yet proceeded to trial or beyond the Motion to Dismiss stage supports remand. *Sotak v. Bertoni*, 501 F. Supp. 3d 59, 86 (N.D.N.Y. 2020) ("Where, as here, a plaintiff's

[13] It may also be the case that Plaintiffs could have asserted their state law claims against Defendants in the Parallel Proceeding, depending on the limitations periods applicable to those claims.

federal claims will be dismissed before trial, a district court should generally decline to exercise supplemental jurisdiction over any state law claims absent exceptional circumstances." (citation omitted)). Further, when exclusively state claims remain in an action, remand "promotes the comity interest that informs the doctrine of supplemental jurisdiction." *Coalts-Young v. Glens Falls Hosp.*, No. 14-CV-271, 2014 WL 6474855, at *6 (N.D.N.Y. Nov. 19, 2014) (quotation marks omitted and alteration adopted). Finally, it does not seem particularly fair to the remaining Defendants, who (so far as the Parties' filings show) did not seek to remove the action, (*see* Not. of Removal ¶ 6), to require that they continue to litigate state claims in federal court merely because (unbeknownst to Plaintiffs, who originally sought the state forum, (*see* Compl.)) the real party in interest as to one of their claims was the United States, *see Bilal v. Russell*, No. 24-CV-3335, 2025 WL 845112, at *5 (E.D.N.Y. Mar. 18, 2025) (explaining that under the FTCA, the United States is substituted as the real party in interest). So, while some small efficiency gains might be possible by permitting both actions to proceed in federal court, the Court cannot conclude that the *Cohill* factors support the conclusion that this Action should continue in federal court.

Further, where an action is removed pursuant to 42 U.S.C. § 233(c), as occurred (at least in part) here, and the plaintiffs "fail[] to state [in their complaint] a cognizable claim against the United States—the only claim providing a basis for [the] [c]ourt's original jurisdiction—the [ordinary course is to] decline to exercise supplemental jurisdiction over [the p]laintiffs' remaining claims." *Martinez v. Kaweah Delta Med. Ctr.*, 637 F. Supp. 3d 1039, 1045 (E.D. Cal. 2022); *see also G.T. by Reyes v. Bronx Lebanon Hosp. Ctr.*, No. 22-CV-5129, 2023 WL 2237799, at *3 (S.D.N.Y. Feb. 27, 2023) (noting that district courts "that have faced similar situations in which the United States removed one of several defendants under the Public Health

Service Act, and multiple non-United States defendants . . . consistently remand[] such actions with the remaining defendants to state court"); *Spina v. Lu Feng Liu*, 541 F. Supp. 3d 426, 434 (S.D.N.Y. 2021) ("The basis for removal of this action from state court was the claim against [a defendant] which, after the substitution pursuant to the FTCA, was a claim against the United States. Therefore, the dismissal of the United States eliminated the only properly established basis for subject matter jurisdiction."); *de Hernandez v. Lutheran Med. Ctr.*, No. 01-CV-6730, 2002 WL 31102638, at *2 (E.D.N.Y. Sept. 11, 2002) (explaining, in case where claim against medical center that was deemed an "employee" of the United States Public Health Service, the presence of which provided the sole basis for removal, had been dismissed, the court would remand remaining state claims of medical practice, a determination the court made with "little difficulty"); *Davey v. St. John Health*, 297 F. App'x 466, 472–73 (6th Cir. 2008) (summary order) ("Remand to the state court appears to be the proper course once the district court dismissed the claims against the defendants protected by the FSHCAA. At that point, the district court had no reason to retain jurisdiction over the supplemental claims against the other defendants." (footnote omitted)). In fact, such remand may be required, because the FTCA's exhaustion requirement is jurisdictional and nonwaivable, even when the Action is begun in state court. *See Flynn v. Verizon Wireless*, No. 22-CV-1065, 2024 WL 2701676 (D. Conn. May 23, 2024) ("[T]he FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. The exhaustion requirement is jurisdictional and cannot be waived, and it extends to all suits, including those begun in state court. [The plaintiff] has made no showing that he has exhausted his administrative remedies. Accordingly, he has not established this [c]ourt's jurisdiction to hear a claim against the United States." (citations and quotation marks omitted)), *aff'd in part, appeal dismissed in part*, No. 24-1562, 2025 WL

1671271 (2d Cir. Feb. 13, 2025); *Searles v. Robert*, No. 21-2836, 2023 WL 7271832, at *2 (2d Cir. Nov. 3, 2023) (summary order) ("[The plaintiff's] claims against [the treating physician] were the only basis for federal jurisdiction . . . . Once those claims were dismissed, the district court did not have jurisdiction over [the plaintiff's state law] claims against [the hospital]. . . . So the district court should have remanded the case as against [the hospital] back to state court."). This ordinary rule should apply here, too.

Of course, the Court recognizes that "remand will result in a situation where duplicative lawsuits are proceeding in state and federal court." *Vill. of Shiloh v. Netflix, Inc.*, No. 21-CV-807, 2022 WL 873822, at *6 (S.D. Ill. Mar. 24, 2022). The Court understands that this "situation is certainly not ideal" for Plaintiffs. *Id.* But Plaintiffs are "not doomed to proceed simultaneously in both forums" and are free to pursue avenues such as "ask[ing] the state court judge to stay this case once it is remanded" or "mov[ing] to stay" the Parallel Proceeding "that will remain in this District" pursuant to the *Colorado River* abstention doctrine. *Id.* Such options would reduce the risk of "duplicative efforts in the state court or in this Court," and presumably reduce the burden of litigation for Plaintiffs. *Id.* And these inconveniences cannot overcome the fact that the remaining claims in this Action belong where they began: in New York state court.

## III. Conclusion

For the reasons set forth above, this Action is remanded to the Supreme Court for the State of New York, County of Rockland. The Court likewise denies Plaintiff's request that this Action be consolidated with the Parallel Proceeding. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated: July 2, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge